William H. Ford, III (State Bar No. 52382)
  william.ford@fordlawfirm.com
Michael D. Collins (State Bar No. 166319)
  michael.collins@fordlawfirm.com
**COLLINS | FORD, LLP**
21900 Burbank Blvd., Third Floor
Woodland Hills, CA 91367
Telephone: (818) 343-2648

UNITED STATES DISTRICT COURT
FOR THE NORTHEDISTRICT OF CALIFORNIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NORTHLAND INSURANCE COMPANY, a Minnesota corporation,<br><br>　　Defendant. | Case No.: 3:22-cv-3003<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1.　Plaintiff Uber Technologies, Inc., by and through counsel, seeks declaratory judgment and relief, pursuant to 28 U.S.C.A. §§ 2201 and 2202, regarding the rights and obligations of insurer Northland Insurance Company to provide Uber Technologies, Inc. a defense in connection with an underlying personal injury lawsuit. Uber Technologies, Inc. also seeks money damages for breach of its duty to defend Uber Technologies, Inc. in connection with the underlying lawsuit and breach of the implied covenant of good faith and fair dealing.

///

///

## THE PARTIES

2. Plaintiff, Uber Technologies, Inc. is a Delaware corporation ("Uber").

3. Defendant, Northland Insurance Company is a Minnesota corporation ("Northland").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. §1332(a)(1) and 2201(a). Plaintiff and Defendants are diverse in citizenship and the amount the controversy exceeds $75,000. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because a substantial part of the events and omissions giving rise to this claim occurred in this district and the underlying lawsuit is pending in this district.

## FACTUAL ALLEGATIONS

**A.    The Underlying Personal Injury Accident**

5. On or about September 11, 2019, Mirko Videnovich, an individual, filed a personal injury action in the Superior Court of the State of California, County of Los Angeles, styled *Mirko Videnovich, Plaintiff, vs. Granada Limousine Services, Inc.; Ruben Stepanyan and Does 1 to 15, Inclusive,* bearing Case Number 19STCV325508 (the "Underlying Action").

6. The Complaint in the Underlying Action alleges that Mirko Videnovich suffered bodily injury in an automobile accident on September 28, 2017, in Los Angeles, California, due to the negligence of Granada Limousine Services, Inc., Ruben Stepanyan, and/or Scott McCoy.

7. Granada Limousine Services, Inc. is a California corporation ("Granada Limousine") and a defendant in the Underlying Action.

8. On information and belief, Uber alleges that Ruben Stepanyan is an individual and employee, officer, or director of Granada Limousine ("Stepanyan") and a defendant in the Underlying Action.

9. On information and belief, Uber alleges that Scott McCoy is an

individual and agent or employee of Granada Limousine ("McCoy") and a defendant in the Underlying Action.

10. On or about January 22, 2021, Uber was named as a defendant in the Underlying Action. The Complaint in the Underlying Action alleges Uber is liable for the acts of Granada Limousine, Stepanyan, and/or McCoy.

### B. The Technology Services Agreement

11. On or about August 22, 2017, Stepanyan, on behalf of Granada Limousine, consented to a Technology Services Agreement ("TSA") with Uber's wholly-owned subsidiary, Uber USA, LLC, to gain access to the driver version of the Uber App.

12. Pursuant to the TSA:

　　a. Granada Limousine agreed to maintain during the term of the TSA commercial automobile liability insurance on all vehicles operated by Granada in compliance with applicable laws and regulations.

　　b. Granada Limousine agreed to add Uber USA, LLC or any "affiliate" which Uber USA, LLC might be designated to the aforementioned commercial automobile liability insurance.

　　c. Granada Limousine further agreed to indemnify, defend and hold harmless Uber USA, LLC or any of its affiliates from and against any and all liabilities, including but not limited to, expenses (including legal fees), damages, penalties, and fines, including for any act or omission by a Granada Limousine driver.

13. Under the terms and conditions of the TSA, Uber is an Affiliate of Uber USA, LLC.

### C. The Northland Policy

14. At all relevant times, Northland issued a commercial automobile liability policy bearing policy number T P265455 (the "Policy") to Granada Limousine and McCoy, its Driver, intifying Granada Limousine as its Named

Insured.

15. On information and belief, attached as Exhibit A is a copy of the Northland Policy.

16. Under its Policy, Northland agreed as follows:

    a. Northland agreed to pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which its Policy applies caused by an accident and resulting from the ownership, maintenance, or use of a covered auto.

    b. Northland Insurance agreed that an "insured" under its Policy includes Granada Limousine and its Drivers, Stepanyan and/or McCoy, and anyone liable for the conduct of an "insured" but only to the extent of that liability.

    c. Northland Insurance further agreed that its Policy provided coverage limits of $750,000 for each motor vehicle accident covered by the Policy.

17. Based on the allegations of the Complaint, the TSA, and the Northland Policy, Uber qualifies as an insured or as an additional insured under the Northland Policy.

**B.  Uber's Defense Tender to Northland**

18. On or about May 11, 2021, Uber tendered its defense of the Underlying Action to Northland. Despite follow up phone calls and a September 2021 email, Northland failed to respond to Uber's communications and Uber's requests for a response to its tender.

19. On or about October 13, 2021, Uber again wrote to Northland in follow up to the tender, asking Northland to respond by the end of the day.  Northland again failed to respond to Uber's communications and its requests for a response to its tender.

20. Finally, on or about December 27, 2021, after Uber called again, Northland responded to Uber's tender by telephone advising that it would provide a response to Uber's tender by the end of the week. Northland failed to provide a

1  further response by the date promised.

2      21. On or about January 3, 2022, Uber again wrote to Northland asking
3  when Uber might expect a response to its May 11, 2021 defense tender and
4  requesting a copy of the applicable Northland Policy.

5      22. To date, Northland has, without explanation or reason, failed and/or
6  refused to respond to Uber's communications accept Uber's defense.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

9      23. Uber repeats and realleges paragraphs 1 through 22, above as though
10  fully set forth herein.

11      24. An actual and justiciable controversy has arisen and presently exists
12  between Uber, on the one hand, and Northland, on the other hand, is imminent and
13  inevitable in that Northland disputes that (a) Uber is an insured under its Policy; (b)
14  that it has no duty to defend Uber against the allegations of personal injury and
15  property damage in the Underlying Action;

16      25. Uber respectfully seeks a declaration that it is an insured or an
17  additional insured under the Northland Policy and that pursuant to the terms and
18  conditions of its Policy, has a duty to defend and indemnify Uber against the
19  Underlying Action's allegations as of May 11, 2021.

20      26. A judicial determination is necessary and appropriate at this time in
21  other that Uber may ascertain its and Northland's rights and duties under the
22  Northland Policy.

### SECOND CLAIM FOR RELIEF
(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

25      27. Uber repeats and realleges paragraphs 1 through 22, and paragraph 24-
26  26, above as though fully set forth herein.

27      28. The Northland Policy contains an implied covenant of good faith and
28  fair dealing which provides, among other things, that no party thereto will do

5
Complaint                   Case No.: 3:22-cv-3003

anything to injure the rights of the other to receive the benefits of the Policy and prohibits Northland from unreasonably exercising any right under the Policy and/or from withholding benefits provided by the Policy and/or from failing to give as much consideration to the interests of Uber as it gives to the consideration of its own interests.

29. Northland has breached the implied covenant contained in its Policy in at least the following respects:

    A. By failing and refusing to mount or to fund a defense on behalf of Uber in the Underlying Action;

    B. By failing and refusing to conduct a fair, thorough and objective investigation of Uber's claim for defense coverage in connection with the Underlying Action;

    C. By engaging in a deliberate and purposeful misreading of the terms and provisions of its own Policy;

    D. By failing and refusing to communicate with Uber and/or to consider the information provided by Uber regarding bases for defense coverage under the Northland Policy;

    E. By improperly placing its own interests in avoiding or reducing the payment of defense expenses above the interests of Uber in receiving the Policy's benefit of a defense;

    F. By failing or refusing, upon proof of claim, to accept or deny the claim, in whole or in part, not later than forty (40) calendar days following receipt thereof;

    G. By failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies; and

    H. By compelling Uber to file and prosecute this suit simply to obtain Policy benefits which are justly due.

30. As a direct and proximate result of Northland's acts and omissions,

Uber are entitled to recover damages, including the following:

    A.    Attorneys' fees and costs incurred by Uber in connection with defending the Underlying Action;

    B.    Interest at the legal rate on all sums due from the date they should have been paid;

    C.    Attorneys' fees and costs paid or incurred by Uber in the pursuit of the Policy's benefit of a defense to which Uber is entitled; and

    D.    Other and further general and special damages according to proof at the time of trial.

## PRAYER FOR RELIEF

Wherefore, Uber prays for judgment as follows:

**On the First Claim for Declaratory Judgment**

1. For declaration that Uber is an insured or an additional insured under the Northland Policy;

2. For declaration that Northland is obligated to defend Uber in connection with the Underlying Action.

**On the Second Claim for Breach of the Implied Covenants of Good Faith and Fair Dealing**

3. For attorneys' fees and costs paid or incurred by Plaintiff in connection with defending the Underlying Action;

4. For interest at the legal rate on all sums due from the date they should have been paid;

5. For attorneys' fees and costs paid or incurred by Plaintiff in the pursuit of the Policy's benefit of a defense which is justly due; and

6. For such other and further general and special damages according to proof at the time of trial.

////

////

Respectfully submitted,

Dated: May 20, 2022               COLLINS | FORD, LLP


BY: _____
    WILLIAM H. FORD, III
    MICHAEL D. COLLINS
    Attorneys for
    Plaintiff Uber Technologies, Inc.